DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 ____________________________ CARR, Judge.
Appellant-defendant Marguerite Crawford appeals from a judgment of divorce. This Court reverses and remands the cause for further action.
 I.
Marguerite and appellee-plaintiff Robert S. Crawford were married on June 25, 1988. During the marriage, Robert attended medical school and eventually became licensed to practice medicine. Initially, Robert worked at a clinic, but eventually Robert quit the clinic in order to open his own practice. After opening his practice, Robert's income decreased significantly and the marriage began to deteriorate. Robert eventually moved out of the marital residence and sued for divorce. Marguerite counterclaimed for divorce.
On November 10, 1997, the parties were granted a divorce. In the divorce decree, the trial court addressed the issue of spousal support, stating:
 The Court further finds that after considering all of the spousal support factors, income, length of the marriage, education and earning capacity, spousal support is appropriate and reasonable. However, due to the current financial situation, the Court will not make a specific dollar amount award, but the Court will retain jurisdiction over the issue of spousal support for a period of five (5) years from the date of the divorce decree unless, in the interim, Defendant remarries or cohabits with a male, then jurisdiction shall terminate upon said occurrence. The Court may modify the amount or terms of this spousal support order upon the change of circumstances of a party, which includes, but is not limited to, any increase or involuntary decrease in the parties' wages, salary, bonuses, living expenses, or medical expenses.
Marguerite timely appealed.
 II.
On appeal, Marguerite raises one assignment of error:
 HAVING DETERMINED THAT SPOUSAL SUPPORT WAS REASONABLE AND APPROPRIATE, THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO MAKE AN AWARD OF SPOUSAL SUPPORT.
In support of her assignment of error, Marguerite cites this Court's decision in Durbin v. Durbin (Feb. 19, 1992), Summit App. No. 15158, unreported. In Durbin, the trial court found that spousal support was reasonable and appropriate, but held the amount, terms, and duration of the award in abeyance and retained jurisdiction over the matter until the husband's child support obligations terminated. This Court reversed and remanded, concluding that "if spousal support is found to be fitting, an award must be made setting the amount and the duration at the time of the divorce." Id. Based onDurbin, Marguerite's assignment of error is well taken.[1]
Judgment reversed and cause remanded.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT
BAIRD, P. J.
WHITMORE, J.
CONCUR
[1] Although Durbin was criticized in Murphy v.Murphy (Nov. 1, 1996), Montgomery App. No. 15693, unreported, the criticism was merely dicta and Murphy is not controlling in this district. As such, Durbin still governs the outcome of this case.